HUNT ET AL. v. HUNTER ET AL.

1. **TWO ASSESSMENTS AGGREGATING MORE THAN TWENTY-FIVE PER CENT.**

Where the city authorities have provided for grading a street by a separate ordinance, and that improvement as provided for is completed and the assessment made, which does not exceed the twenty-five per cent. limit to which the authorities are limited, and then that is followed by another ordinance providing for the paving of the street, under such circumstances as to satisfactorily indicate that the second improvement was really a complement of the first improvement and that the council by that method of proceeding had sought to evade the statute; *Held*, that the city could not, by going on under one ordinance and grading a street, and then afterwards, by another proceeding, providing for the paving of the street, evade the limitation imposed in the statute, but the circumstances must show that the provisions of the statute were sought to be thus evaded.

2. **ASSESSMENTS FOR LAYING OF STONE SIDEWALKS.**

The laying of a stone sidewalk under an ordinance of the council would not be such an improvement as should be considered in determining that the assessment should not exceed twenty-five per cent. of the value of the property; sidewalks are made under a different statute from that under which streets are improved.

3. **MAKING SIDEWALK IMPROVEMENTS.**

Where a city proceeds to lay sidewalks in front of a man's property and to grade that part of the street upon which the sidewalks are laid so as to properly permit the laying of the sidewalk without having given the due notice required by the statute to the property owner himself to lay them within a stipulated time, the city must bear the expense of it; but if it proceeds under the statute and notifies the owner to lay the sidewalks, and the owner neglects or refuses to lay them, then the city itself may preceed to make the improvements and is authorized by the statute to assess the cost upon the property, and the owner is made personally liable if he was the owner at the time the improvement was completed.

APPEAL from the court of common pleas of Lucas county.

SCRIBNER, J. ( orally ).

In this case it appears by the pleadings and from the admissions of the parties that at the time the matters complained of occurred, the plaintiff, Mary H. Hunt, was the owner of lots 357 and 358 in Knower's second addition to Toledo, Ohio, and that the estate of John Knower, deceased, was the owner of lots 356 and 362 in the same addition. These lots abut on Maumee avenue of the city of Toledo. On the 17th of August, 1891, the common council of the city confirmed an assessment on these lots for the cost and expense of paving Maumee avenue. The portion paved is specifically set forth in the pleadings in the case. For this improvement—the cost and expense of paving—each of these lots was assessed the sum of $137.08. In the same year there was certified by the common council of the city to the county auditor, and by him placed on the general duplicate for that year for collection against said lots, $80.70 on each of the lots for the cost and expense of constructing a stone sidewalk upon said street. The assessments were certified in November, 1892, and each of the lots was assessed $33.35. On the 8th of August, 1892, an assessment was made and confirmed for the grading of a sidewalk bed in front of the lots described, along Maumee avenue.

†For another opinion in this case, see 7 Circ. Dec., 495.

Hunt et al. v. Hunter et al.

The sum of $4.35 was assessed upon each of these lots to pay that expense.

It is stated in the pleadings that each of these lots was assessed, but this is a mistake. The aggregate of the assessments upon each of these lots is $175.90. There are only three of the lots, however, that were assessed for the expense of constructing the stone sidewalk. It is admitted that the value of each of these lots was $600. The statute limiting the assessments to twenty-five per cent. of the value of the lot assessed, after the completion of the improvement, will constitute a limitation upon each lot of $150; whereas it appears that the aggregate of these three assessments was $175.90. Three of these lots, therefore, are assessed more than the twenty-five per cent limitation claimed to be applicable here.

It is claimed that under the legislation of this state, by reason of this as it is claimed excessive assessment, the city has exceeded its power. Counsel for plaintiff in this case, the petition praying for an injunction against the enforcement of this assessment, relies in part upon the language of section 2271 of the statutes, which provides:

"In cities of the first grade of the first class, and in counties containing a city of the first grade of the first class, the tax or assessment especially levied or assessed upon any lot or land for any improvement, shall not, except as provided in section 2272, exceed twenty-five per cent. of the value of such lot or land after the improvement is made, and the cost exceeding that per centum shall be paid by the corporation out of its general revenue; and, except as provided in section 2272, there shall not be collected of such assessment, in any one year, more than one-tenth of such value of the property on which the assessment is made; and in other cities of the first class, the tax or assessment specially levied or assessed upon any lot or land for any improvement, shall not, except as provided in section 2272, exceed twenty-five per cent of the value of such lot or land, as determined in advance by the common council, which valuation shall not exceed a fair market value of such lot or land after the improvement is made, and the cost exceeding that per centum shall be paid by the corporation out of its general revenue; and, except as provided in section 2272, there shall not be collected of such assessment, in any one year, more than one-tenth of such value of the property on which the assessment is made; and in cities of the third grade, first class, said tax or assessment shall not in any case exceed twenty-five per cent of the value of such lot or land after the improvement is made, and such value shall not be determined in advance, nor by the common council," etc.

This is a long section. Counsel refers also to section 2283. Section 2272 contains limitations of the power of municipalities:

"In cities of the first class, or in corporations in counties containing a city of the first or second grade of the first class, when a petition subscribed by three-fourths in interest of the owners of property abutting upon any street or highway of any description between designated points is regularly presented to the council for the purpose, the cost of any improvement of such street or highway may be assessed and collected in equal annual installments proportioned to the whole assessment, in a manner to be indicated in the petition," etc.

I should say, perhaps, that this assessment for each of these amounts is for the given year.

Mr. McDonnell.

The court has stated the correct aggregate, but the petition also sets out an amount certified in each year.

Scribner, J.

"Section 2283. Special assessments, whether by the feet front or otherwise, shall be so restricted that the same territory shall not be assessed for making two different streets or avenues, within a period of five years, in such amounts that the maximum assessment herein provided will be thereby exceeded; and so far as practicable under the provisions of this title, regard must be had, in making special assessments, to the probable benefits to the property assessed."

Section 2284, specifies what the cost of the improvement shall include. The provisions of the constitution—section 6, article 13—are cited, by counsel, and the Chamberlain case, in 34 Ohio St., and the Meissner case, in 31 Ohio St., on behalf of the plaintiff, touching the limitations upon the power of the council. There is also cited in behalf of the municipality, section 2640, as well as section 2272. Section 2640, gives the general control of the streets and the public grounds and bridges to the common council. We find in these provisions of the statutes no other limitations upon the power of the council to make improvements and assess the cost and expense upon the abutting property.

It is claimed, on the part of the plaintiffs, Knower and Hunt, that the limitation upon the power of the council to make their assessments exceed twenty-five per cent of the value of the property after the improvement is made, prohibits the council from making an assessment in the aggregate, although for different improvements, which shall place an assessment upon the property in excess of twenty-five per cent of the value. If the improvement made is of such a nature that it may be looked upon simply as preparing the way for a second improvement, so that when the improvements are completed there shall be substantially but one improvement, there would be much force in this claim made on behalf of plaintiffs. That is to say, if the council, by its proceedings, provides for grading a street—and by a street I mean the roadway—and it is manifest that the object of that grading is simply to prepare the street for paving, and then afterwards the council by a separate ordinance provides for the paving of the street, I should be inclined to the opinion that the two improvements taken together really constituted but one improvement. That is, if the city authorities have provided for grading a street by a separate ordinance, and that improvement as provided for is completed and the assessment is made, which does not exceed the twenty-five per cent to which the authorities are limited, and then that is followed by another ordinance providing for the paving of the street, under such circumstances as to satisfactorily indicate that the second improvement was really a complement of the first improvement, and that the council by that method of proceeding had sought to evade the statute, I should feel very strongly disposed to hold that the proposition claimed on the part of the plaintiffs here should be enforced; that the city could not, by going on under one ordinance and grading a street, and then afterwards by another proceeding, providing for the paving of the street, evade the limitation imposed in the statute. But we are not able to say that the limitation claimed of the power of the council to provide for an improvement, limiting the assessment of the cost of the improvement to twenty-

five per cent after the improvement is made, would be applicable here.

I do not see why the city might not go on and improve a street, and in good faith conclude that proceeding, and make the assessment and collect it, and afterwards, in the course of time, no matter whether the time was very long or very short, except as that might reflect upon the good faith of the council in adopting two classes of improvements, provide for the paving of the street. Where the first improvement was the grading of the street, I should hardly think that the limitation upon the power of the council as to the time within which a cross-street might be improved or graded—that limitation being as to improvements made within a period of five years—could be held to prevent the council, after having improved a street by grading, from further improving it within the period of five years by paving it. We do not see how the circumstance of work having been done upon the street proper, outside of the sidewalk bed, and an assessment of 25 per cent after the improvement was made, can well be construed as preventing the council from afterwards laying a stone sidewalk upon the street if that was proper. Here the ordinance of the city provided for grading the sidewalk bed in such a manner as to provide for the laying of a sidewalk upon it. It is said that in doing this this property is not chargeable with the grading, as there was no grading done in front of these lots. But the sidewalk bed, as contemplated by the proceedings of the council, it appears, was graded in such a manner as to fit the entire line of sidewalk, or where the stone was to be laid for the walk. It would seem that it was not necessary to grade in front of these particular lots, the sidewalk bed being at the proper grade to admit of laying the sidewalk without any change.

Nor do we think that the laying of a stone sidewalk under an ordinance of the council would be such an improvement as should be considered in determining that the assessment should not exceed 25 per cent of the value of the property. Sidewalks are made under a different statute from that under which streets are improved. For instance, the city has no power to lay a sidewalk and assess the abutting property for the cost of it until the owner himself has been notified to lay it, and has had an opportunity to lay it. If the city proceeds to lay sidewalks in front of a man's property and to grade that part of the street upon which the sidewalks are laid so as to properly permit the laying of the sidewalk, without having given the due notice required by the statute to the property owner himself to lay them within a stipulated time, the city must bear the expense of it; but if it proceeds under the statute, and notifies the owner to lay the sidewalks, and the owner neglects or refuses to lay them, then the city itself may proceed to make the improvement and is authorized by the statute to assess the cost upon the property, and the owner is made personally liable, if he was the owner at the time the improvement was completed. I say, we cannot see how the cost of making an improvement of that kind, where a separate ordinance is passed or a separate proceeding is had by the council, should be counted as a part and included in the cost of the street paving proper, so as to bring the case within the 25 per cent limitation. The owner has no voice in the matter of making the improvement, where the roadway proper is improved; he is not entitled to any notice. The city itself goes on, being properly authorized to make the improvement, and makes the assessment upon the abutting property by benefits or by the foot front, as it may have elected to do. In such a case the penalty for non-

payment of the assessment is limited to five per cent; in case of failure to pay an assessment for the cost of building a sidewalk the penalty allowed to the contractor by the statute is 20 per cent upon the amount of the assessment; and a certain length of time is allowed the owner within which to make the improvement himself or to pay the cost of the improvement.

Upon the whole, we are unable to see our way clear to apply the rule insisted upon by counsel for plaintiffs to this kind of a case, and we are constrained to dismiss the petition.

*T. J. McDonnell* for Plaintiffs.

*C. T. Watts*, City Solicitor, for Defendants.